UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

HYDED TRADING CORP., a
British Virgin Islands Corporation

Plaintiff,

vs.

YACHTBRASIL MOTOR
BOATS AND CHARTERS, LLC., a
Florida Limited Liability Company.

Defendant.
______________________________/

## COMPLAINT

COMES NOW Plaintiff, **HYDED TRADING CORP**., by and through its undersigned attorneys and hereby files this its Complaint against **YACHTBRASIL MOTOR BOATS AND CHARTERS, LLC.** and would show:

1. This is an action for Damages in excess of Seventy Five Thousand ($75,000.00) Dollars excluding attorneys' fees and costs and is within this Court's subject matter jurisdiction pursuant to 28 USC Section 1332, as the parties are citizens of different states and countries and the amount in controversy exceeds the jurisdictional requirement.

2. At all times material **YACHTBRASIL MOTOR BOATS AND CHARTERS, LLC.** (hereinafter, "**YACHTBRASIL**") is a Florida Limited Liability Company with its principal address at 300 Alton Road, Miami Beach, Florida. At all times material the members of **YACHTBRASIL MOTOR BOATS AND CHARTERS, LLC., LYSANDRA S. COELHO** and **ADERBAL COELHO, JR**., were residents of Miami Dade County, Florida.

3. At all times material hereto **HYDED TRADING CORP**. (hereinafter, "**HYDED"**) is a British Virgin Islands Corporation with its principal place of business in the British Virgin Islands.

4. At all times material hereto **HYDED** was the sole and exclusive owner of the 2015 eighty foot (80') Dominator 800S Motor Yacht, Hull Number IT-DOY80001K415 named "**GOLDEN 3"** (hereinafter, the "Vessel").

**RELEVANT FACTS**

5. On or about January 21, 2014 Defendant, **YACHTBRASIL,** and Plaintiff's **assignor, RAFAEL GUAGLIARDI,** entered into purchase and sale contract whereby **YACHTBRASIL** agreed to sell to Plaintiff, **HYDED,** the subject Vessel.

6. The Purchase and Sale Contract (hereinafter, the "Contract"), attached hereto as "Exhibit 1," documents the purchase price of the Vessel was Three Million Five Hundred Fifty Thousand Euros (€3,550,000.00) less a Nine Hundred Thousand Euros (€900,000.00) trade allowance leaving a net cash price of Two Million Six Hundred Fifty Thousand Euros (€2,650,000.00).

7. Plaintiff fully performed under the Contract.

8. On March 6, 2015 Defendant, **YACHTBRASIL,** transferred title to the Vessel to Plaintiff, **HYDED.**

9. A copy of the Bill of Sale is attached as "Exhibit 2."

**COUNT I**
**CONVERSION OF TANGIBLE PROPERTY (PROPELLERS AND SHAFT)**

10. Plaintiff, **HYDED,** adopts and re-alleges paragraphs 1-9 and would show:

11. The Dominator Yachts' standard specification for the Dominator 800 S Series included spare propellers and a spare shaft as part of the Vessel's base price.

12. The Purchase Contract specifications recited "Additional options which upgraded the purchased yacht from a Dominator 780 S to 800S" included "1 set spare propellers 5 - blade and 1 spare shaft".

13. When sold to **YACHTBRASIL** by Dominator, the Vessel included spare propellers and a spare shaft as part of the original Vessel equipment .

14. Dominator did not charge **YACHTBRASIL** any separate or additional price for these items.

15. The spare propellers and spare shaft were included in the purchase price paid by Plaintiff in exchange for the Vessel.

16. Demand has been made for the spare propellers and shaft.

17. Notwithstanding the above, **YACHTBRASIL** has retained possession of the spare propellers & shaft and refuses to relinquish possession of the spare propellers and shaft to Plaintiff.

18. Defendant, **YACHTBRASIL,** is wrongfully exercising possession, dominion and control over the spare propellers and shaft.

19. By its acts Defendant has converted Plaintiff's property for its own use and gain.

20. The value of the propellers and shaft according to **YACHTBRASIL** is Forty Four Thousand Six Hundred Ninety Two Dollars ($44,692.00).

WHEREFORE, Plaintiff, **HYDED TRADING CORP.,** demands judgment in the amount of Forty Four Thousand Six Hundred Ninety Two Dollars ($44,692.00).

**COUNT II**
**CIVIL THEFT (PROPELLERS AND SHAFT)**

21. Plaintiff, **HYDED,** adopts and re-alleges paragraphs 1-9 and 11-16 and further alleges as follows:

22. Pursuant to Florida Statute §772.11 a demand was provided to Defendant, **YACHTBRASIL,** for return of the property which Plaintiff, **HYDED,** holds a legally recognized property interest.

23. The property was described as two 5 blade propellers and one spare shaft sold to Plaintiff, **HYDED,** as part of the purchase of a Dominator 800S HIN DOY80001K415.

24. Notwithstanding the foregoing, Defendant, **YACHTBRASIL**, has failed and refused to surrender the property to the Plaintiff.

25. Defendant, **YACHTBRASIL**, has knowingly and intentionally deprived Plaintiff, **HYDED,** of its right to the property and the benefits derived from the property and Defendant has appropriated the property for its own use in violation of Florida Statute §812.014.

26. Defendant, **YACHTBRASIL**, is obligated to pay Plaintiff's attorney a reasonable fee for the attorney's services in maintaining this action.

27. Florida Statute §772.11 provides for an award of attorneys' fees as well as treble damages.

WHEREFORE, Plaintiff, **HYDED TRADING CORP**., demands judgment in the amount of One Hundred Thirty Four Thousand Seventy Six Dollars ($134,076.00) as treble damages together with reasonable attorneys' fees for bringing this action.

## COUNT III
## CONVERSION OF FUNDS (MAN ENGINE WARRANTY)

28. Plaintiff, **HYDED,** adopts and re-alleges paragraphs 1–9 above and further alleges:

29. Dominator Yachts offered the 800S with a five (5) year MAN Engine Warranty as part of the base price of the Vessel.

30. Dominator Yachts did not charge **YACHTBRASIL** or Plaintiff any separate or additional price for the five (5) year MAN Engine Warranty.

31. Despite inclusion of the five (5) year MAN Engine Warranty as part of the purchase package from Dominator Yachts, **YACHTBRASIL** invoiced the Plaintiff an additional Forty Thousand Euros (€40,000.00) for the MAN Engine Warranty.

32. At all times material **YACHTBRASIL** was fully aware that the five (5) year MAN Engine Warranty was to be provided to **HYDED** at no additional cost however **YACHTBRASIL** knowingly and intentionally submitted a fraudulent invoice for payment to Plaintiff.

33. Plaintiff, **HYDED**, not knowing at the time that the price of the Man Engine Warranty was included in the purchase price and in reliance upon the representations and demands of the Defendant paid the submitted invoice to Defendant, **YACHTBRASIL**.

34. The U.S. Dollar amount paid for the warranty on the fraudulent invoice was Forty Four Thousand One Hundred Fourteen Dollars ($44,114.00).

35. Plaintiff has demanded return of the Forty Four Thousand One Hundred Fourteen Dollars ($44,114.00) wrongfully retained by Defendant.

36. Defendant has failed and refused to return the Forty Four Thousand One Hundred Fourteen ($44,114.00) Dollars to Plaintiff.

WHEREFORE, Plaintiff, **HYDED TRADING CORP.**, demands judgment against **YACHTBRASIL** in the amount of Forty Four Thousand One Hundred Fourteen Dollars ($44,114.00) together with interest.

**COUNT IV**
**FRAUD (MAN ENGINE WARRANTY)**

37. Plaintiff, **HYDED TRADING CORP.**, adopts and re-alleges paragraphs 1-9 and further alleges as follows:

38. Dominator Yachts offered the 800S with a five (5) year MAN Engine Warranty as part of the base price of the Vessel.

39. Dominator Yachts did not charge **YACHTBRASIL** or Plaintiff any separate or additional price for the five (5) year MAN Engine Warranty.

40. Despite Dominator Yachts' inclusion of the five (5) year MAN Engine Warranty as part of the purchase package price, **YACHTBRASIL** invoiced Plaintiff for Forty Thousand Euros (€40,000.) for the Man Engine Warranty.

41. **YACHTBRASIL** intentionally misrepresented to Plaintiff, **HYDED.** that the Man Engine Warranty was an additional upgrade with an accompanying Forty Thousand Euro (€40,000.) expense.

42. At the time that **YACHTBRASIL** represented to Plaintiff that there was an additional charge of Forty Thousand Euros (€40,000.), Defendant **YACHTBRASIL** knew the representations were untrue and made the representations with the intent that Plaintiff would act in reliance upon them.

43. Plaintiff, **HYDED**, reasonably relied upon the representations of **YACHTBRASIL**.

44. The Plaintiff paid the **YACHTBRASIL** invoice for the Man Engine Warranty in the amount of Forty Four Thousand One Hundred Fourteen Dollars ($44,114.00) in reliance upon the representation of the Defendant believing there was an additional charge due for the Warranty.

45. Plaintiff, **HYDED**, was recently advised by Dominator that the Man Engine Warranty was included at no cost to the owner.

46. Plaintiff demanded return of the funds from **YACHTBRASIL** to no avail.

WHEREFORE, Plaintiff, **HYDED TRADING CORP.**, demands judgment against **YACHTBRASIL** in the amount of Forty Four Thousand One Hundred Fourteen Dollars ($44,114.00) plus prejudgment interest.

**COUNT V**
**NEGLIGENT MISREPRESENTATION (MAN ENGINE WARRANTY)**

47. Plaintiff, **HYDED TRADING CORP.**, adopts and re-alleges paragraphs 1-9 and further alleges as follows:

48. Dominator Yachts offered the 800S with a five (5) year Man Engine Warranty as part of the base price of the Vessel.

49. Dominator Yachts did not charge **YACHTBRASIL** or the Plaintiff any separate or additional price for the five (5) year Man Engine Warranty.

50. Despite Dominator's inclusion of the five (5) year Man Engine Warranty as part of the purchase package, **YACHTBRASIL** invoiced the owner for Forty Thousand Euros (€40,000.) for the Man Engine warranty.

51. **YACHTBRASIL** negligently misrepresented to Plaintiff, **HYDED,** that the Man Engine Warranty was an additional upgrade with an accompanying Forty Thousand Euro (€40,000.) expense.

52. At the time that **YACHTBRASIL** represented to Plaintiff that there was an additional charge of Forty Thousand Euros (€40,000.) for the Man Engine Warranty, Defendant, **YACHTBRASIL,** upon the exercise of reasonable diligence should have known the

representations were untrue and made the representations with the intent that Plaintiff would act in reliance upon them.

53. Plaintiff, **HYDED,** reasonably relied upon the representations of **YACHTBRASIL**.

54. Plaintiff paid the **YACHTBRASIL** invoice for the Man Engine Warranty in the amount of Forty Four Thousand One Hundred Fourteen Dollars ($44,114.00) in reliance upon the negligent representation of the Defendant that there was an additional charge for the Warranty.

55. Plaintiff, **HYDED,** was recently advised by Dominator that the warranty was included as no cost to the Owner.

56. Plaintiff demanded return of the funds to no avail.

WHEREFORE, Plaintiff **HYDED TRADING CORP**. demands judgment against **YACHTBRASIL** in the amount of Forty Four Thousand One Hundred Fourteen Dollars ($44,114.00) plus prejudgment interest.

**COUNT VI**
**FRAUD (OPTIONS OVERCHARGE)**

57. Plaintiff, **HYDED,** adopts and re-alleges paragraph 1-9 and 11-12 and further alleges as follows:

58. On August 5, 2015 **YACHTBRASIL** submitted a request for payment to Plaintiff for Forty Six Thousand Four Hundred Twenty Euros (€46,420.00) for undisclosed options on the Vessel which equated to U.S. Dollar amount of Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00).

59. **YACHT BRASIL** submitted the invoice and was paid by Plaintiff, **HYDED,** the U.S. Dollar amount of Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00) for the ”options”.

60. At the time **YACHTBRASIL** submitted the invoice to Plaintiff, **HYDED,** Defendant knew the only options for the vessel were those described in Attachment I (Standard Version) and in Attachment II (Standard Version Deluxe) together with the Additional options to upgrade from Dominator 780S to a 800S. *See* “Exhibit 1.”

61. At the time **YACHTBRASIL** submitted the Forty Six Thousand Four Hundred Twenty Euros (€46,420.00) invoice for additional options to Plaintiff, Y**ACHTBRASIL** knew the options contained in Attachment I (Standard Version) and in Attachment II (Standard Version Deluxe) together with the Additional options to upgrade from Dominator 780 S to a 800S were already incorporated in the Three Million Five Hundred Fifty Thousand Euros (€3,550,000.) base price of the contract paid by Plaintiff, **HYDED.**

62. **YACHTBRASIL** knowingly and intentionally issued the false and fraudulent invoice upon its unsuspecting client with the intent to defraud Plaintiff, **HYDED,** knowing the charges were false, in order to obtain payment of the U.S. Dollar amount of Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00) from Plaintiff.

63. Plaintiff, **HYDED,** reasonably relied upon the representations of **YACHTBRASIL** when it paid the Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00) to Defendant for the options.

64. Subsequent to paying the invoice, the Plaintiff learned from Dominator that the invoice was fraudulent as the only options delivered with the vessel were those contained in Attachment I (Standard Version) and in Attachment II (Standard Version Deluxe) together with

the Additional options to upgrade from Dominator 780S to a 800S which were included in the base purchase price of Three Million Five Hundred Fifty Thousand Euros (€3,550,00) paid by Plaintiff to **YACHTBRASIL.**

65. Defendant has failed and refused to return the Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00) fraudulently billed to the Plaintiff.

WHEREFORE Plaintiff, **HYDED TRADING CORP**., demands judgment in the amount of Fifty One Thousand One Hundred and Ninety Four Dollars ($51,194.00) plus interest.

**COUNT VI**
**MISREPRESENTATION (OPTIONS OVERCHARGE)**

66. Plaintiff, **HYDED,** adopts and re-alleges paragraph 1-9, 11-12 and 54-56 and further alleges as follows:

67. On August 5, 2015 **YACHTBRASIL** billed **HYDED** Forty Six Thousand Four Hundred Euros (€46,420.) for options associated with the purchase of the Vessel.

68. The dollar equivalent paid by **HYDED** Fifty One Thousand One Hundred and Ninety Four Dollars ($51,194.00).

69. **YACHTBRASIL** misrepresented to Plaintiff the existence of options which required payment by Plaintiff.

70. Representatives of Dominator Yachts disclosed there were no additional options delivered on the Vessel other than the items set forth in the original yacht specifications which formed part of the purchase contract.

71. Representatives of Dominator confirmed all options and specifications described in Attachment I (Standard Version), Attachment II (Standard Version Deluxe) and the additional

options to upgrade from Dominator 780S to 800S were included in the original purchase price of Three Million Five Hundred Fifty Thousand Euros (€5,550,000).

72. **YACHTBRASI**L knew or should have known at the time it misrepresented to Plaintiff that additional charges were due for options on the Vessel that the statement was false and was made to induce Plaintiff, HYDED, to pay Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00).

73. Plaintiff, **HYDED,** reasonably relied upon the negligent misrepresentation of **YACHTBRASIL** and paid the bogus charge of Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00).

WHEREFORE, Plaintiff, **HYDED TRADING CORP**., demands judgment in the amount of Fifty One Thousand One Hundred Ninety Four Dollars ($51,194.00) plus interest.

**COUNT VII**
**CONVERSION - DIVERSION OF FUNDS**

74. Plaintiff, **HYDED,** adopts and re-alleges paragraph 1-9 and further alleges as follows:

75. The purchase contract provided a Trade Allowance of Nine Hundred Thousand Euros (€900,000) for the fifty-eight foot (58’) Atlantis , “Golden II”. At the time of the trade, the dollar equivalent was One Million Two Hundred Forty One Thousand Eight Hundred Twenty Dollars ($1,241,820.00).

76. Notwithstanding the foregoing, at the conclusion of the transaction Plaintiff, **HYDED,** only received a credit of One Million Dollars ($1,000,000.00) for the trade.

77. Defendant, **YACHTBRASIL,** converted the remaining credit to its own behalf and misappropriated or diverted the funds which should have been credited to the Plaintiff’s account.

78. As a result of the diversion, misappropriation and conversions of the funds from the trade in by the Defendant, Plaintiff, **HYDED,** overpaid **YACHTBRASIL** by Two Hundred Forty One Thousand Eight Hundred Twenty Dollars ($241,820.00).

79. Plaintiff has demanded repayment or credit for the trade in but Defendant has failed and refused to return the funds or allocate same to Plaintiff and continues to keep the funds for its own use and benefit.

WHEREFORE, **HYDED TRADING CORP.,** demands judgment against Defendant, **YACHTBRASIL,** in the amount of Two Hundred Forty One Thousand Eight Hundred Twenty ($241,820.00) Dollars.

In light of the foregoing the Plaintiff, **HYDED TRADING CORP**., demands entry of a final judgment against **YACHTBRASIL MOTOR BOATS AND CHARTERS, LLC.,** on all causes of action for actual damages, treble damages, prejudgment interest, post judgment interest, attorneys' fees, costs and such other and further relief as the court deems just and proper.

Dated: March 16, 2016

Respectfully submitted,

*/s/ Christopher R. Fertig*

Christopher R. Fertig (FBN 218421)
Chris.Fertig@fertig.com
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Phone: (954) 763-5020
Facsimile: (954) 763-5412
*Attorneys for Plaintiff*