UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-20970-MGC

HYDED TRADING CORP., a
British Virgin Islands Corporation,

     Plaintiff,

vs.

YACHTBRASIL MOTOR BOATS &
CHARTERS, LLC, a Florida
Limited Company,

     Defendant.
_____/

**DEFENDANT, YACHTBRASIL MOTOR BOATS & CHARTERS, LLC'S,
MOTION TO DISMISS AND INCORPORATED MEMORANDUM
OF LAW IN SUPPORT THEREOF**

     Defendant, YachtBrasil Motor Boats & Charters, LLC ("Defendant" or "YacthBrasil"), by and through counsel, and pursuant to Rule 12(b)(3), Fed.R.Civ.P., and 28 U.S.C. §1404(a) and/or §1406(a), files this Motion to Dismiss and Incorporated Memorandum of Law in Support Thereof (the "Motion") and state, as follows:

**I.    INTRODUCTION.**

     The claims at issue in this case arise in the context of a contractual dispute between the parties relating to the purchase and sale of a motor yacht known as a Dominator 800S (the "Vessel"). Although the causes of action plead by the Plaintiff, Hyded Trading Corp. ("Plaintiff" or "Hyded"), seek relief under various tort theories of recovery, Plaintiff relies principally upon an unsigned document referred to as the "Purchase and Sale Contract" (the "Contract"), to hold YachtBrasil liable for damages. The Contract is attached as Exhibit "1" to the Complaint and incorporated therein. Notably, the Plaintiff contends that the purported Contract formed the basis

of an enforceable agreement whereby the Plaintiff purchased and received title to the Vessel from YachtBrasil. *See* Compl., ¶¶ 5 - 7. Accordingly, because the determination of the Claims, as defined below, rests on the premise that a contract did, in fact, exist, the Plaintiff has bound itself to provisions of the alleged Contract.

For purposes of this Motion, however, YachtBrasil takes no position as to whether the document attached as "Exhibit 1" of the Complaint, in and of itself, constitutes the "Contract," as alleged by Plaintiff. Rather, the Court should summarily dismiss the Complaint because the plain language of the alleged Contract contains a "mandatory forum-selection clause" that, among other things, specifically dictates the "county court or the circuit court of Miami-Dade county" as the exclusive forum for litigating the claims asserted in the Complaint. Indeed, because the allegations of the Complaint, together with the attached Contract designated as "Exhibit 1" by the Plaintiff, necessarily precludes a transfer of this case to the county or circuit courts of Miami-Dade County by this Court, as opposed to another federal district court, the appropriate remedy is dismissal of the Complaint.

**II.     PROCREDURAL BACKGROUND.**

1.      On March 16, 2016, the Plaintiff filed a Complaint [D.E. 1] against YachtBrasil, which contains seven (7) counts: (i) Count I - Conversion of Tangible Property (Propellers and Shaft); (ii) Count II - Civil Theft (Propellers and Shaft); (iii) Count III - Conversion of Funds (Man Engine Warranty); (iv) Count VI - Fraud (Man Engine Warranty); (v) Count V - Negligent Misrepresentation (Man Engine Warranty); (vi) Count VI - Fraud (Options Overcharge); (vii) (Count VI *sic*) - Misrepresentation (Options Overcharge); and (viii) Count VII - Conversion – Diversion of Funds (the "Claims").

2.      On April 5, 2016, the Plaintiff filed the Notice of Filing Executed Summons and

Affidavit of Return of Service [D.E. 9]. The deadline for YachtBrasil to file a response/answer to the Complaint is April 12, 2016 and, therefore, this Motion is timely filed.

3. On April 7, 2016, counsel for YachtBrasil filed the Notice of Appearance for Defendant, YachtBrasil Motor Boats & Charters, LLC [D.E. 10] and Rule 7.1 Corporate Disclosure Statement [D.E. 11].

4. Plaintiff attached as Exhibit "1" to the Complaint the Contract, which it references throughout the Complaint as supplying the material terms and conditions for the sale and purchase of the Vessel and, consequently, the respective rights, duties and obligations of the parties.

5. Significantly, paragraph (12) of the Contract contains a mandatory forum/venue selection clause, which provides, as follows:

> "BUYER DOES HEREBY WAIVE ANY "VENUE PRIVILEGE AND/OR "DIVERSITY OF CITIZENSHIP PRIVILEGE" WHICH HE MAY HAVE NOW OR MAY HAVE IN THE FUTURE AND *DOES HEREBY SPECIFICALLY AGREE, NOTWITHSTANDING ANY PROVISION OR ANY STATE OR FEDERAL LAW TO THE CONTRARY, THAT THE VENUE FOR THE ENFORCEMENT, CONSTRUCTION OR THE INTERPRETATION OF THIS AGREEMENT SHALL BE THE COUNTY COURT OR THE CIRCUIT COURT OF MIAMI-DADE COUNTY AS APPLICABLE. THE BUYER DOES HEREBY SPECIFICALLY WAIVE THE RIGHT TO SUE OR BE SUED IN THE COURT OF ANY OTHER COUNTY IN THE STATE OF FLORIDA, ANY COURT IN ANY OTHER STATE OR COUNTRY OR IN ANY FEDERAL COURT, OR IN ANY STATE OR FEDERAL ADMINISTRATION TRIBUNAL.*"
> (emphasis added).

### III. LEGAL ARGUMENT.

**A. The Common Law Doctrine of *Forum Non Conveniens* is the Proper Enforcement Mechanism Where the Relevant Contract Includes a Forum-Selection Clause.**

To determine if a claim falls within the scope of a forum-selection clause, the Court must first look directly to the language of the relevant clause. *Slater v. Energy Services Group Intern.,*

*Inc.,* 634 F.3d 1326, 1330–31 (11th Cir. 2011). The Contract attached to the Complaint as "Exhibit 1" contains a forum-selection clause mandating that the County Court or Circuit Court in and for Miami-Dade County, Florida be utilized as the exclusive forum for any action involving the enforcement, construction or interpretation of the Contract. The "Relevant Facts" section of the Complaint contains five (5) simple paragraphs, three (3) of which directly involve the existence of the Contract and the parties' respective rights and obligations pursuant to same. *See* Compl. ¶¶ 5 – 7. Each of the Claims adopts and re-allege the allegations relating to the existence and performance of the Contract. Consequently, the Plaintiff's Complaint, along with the Claims contained therein, certainly involve the enforcement, construction and/or interpretation of the alleged Contract.

Moreover, as set forth in *Slater*, a motion pursuant to Rule 12(b)(3), Fla.R.Civ.P., is a proper vehicle to request dismissal of a complaint for improper venue on the basis of a contractual choice of forum. *Slater* at 1290.[1] However, the Supreme Court has held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 580 (2013). For cases where the relevant forum-selection clause calls for a nonfederal forum, §1404(a) has no application, but the residual doctrine of *forum non conveniens* "has continuing application in federal courts" notwithstanding. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Further, "because §1404(a) and the *forum non conveniens* doctrine from which it derives entail the same

---

[1] YachtBrasil recognizes that the holding in *Atlantic Marine Const. Co.*, cited above, may require a different improper venue analysis. The Defendant is not arguing that this case should be dismissed for improper venue under Rule 12(b)(3), or as may be applicable, 28 U.S.C. §1404(a) and/or §1406(a), based upon any geographic location in which another federal district court would have proper jurisdiction or that transfer to another federal district court is appropriate. Instead, the Motion focuses on the actual "forum", *i.e.*, court or other judicial body – namely a state court forum; and not necessarily the place of jurisdiction such as the territory.

balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atlantic Marine*, 134 S.Ct. at 580. The primary difference between §1404(a) and the common law *forum non conveniens* doctrine is that the remedy for *forum non conveniens* under the statute is a transfer to a convenient forum, whereas the remedy under the common-law doctrine is dismissal.

**B.     The Forum-Selection Clause Contained in the Contract Out of Which Plaintiff's Claims Arise Requires Dismissal of the Complaint.**

Ordinarily, when faced with a forum-selection clause such as that contained in the alleged Contract, a district court considering a *forum non conveniens* motion will evaluate the convenience of the relevant parties as well as the various public-interest considerations, and weigh the factors to determine whether to grant the requested relief. *See Atlantic Marine*, 134 S.Ct. at 581. The relevant analysis changes, however, when the alleged contract out of which the claims arise contains a valid forum-selection clause. Indeed, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id*. at 583. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (KENNEDY, J., concurring). Consequently, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*., at 33.

As explained by the Court in *Atlantic Marine*, a forum selection clause changes the *forum non conveniens* analysis in three specific ways, only two of which are relevant here. First, the plaintiff's choice of forum, normally a significant factor to be weighed, merits absolutely no weight, because the agreed upon forum as set forth in the forum-selection clause must be viewed

as the plaintiff's pre-dispute exercise of plaintiff's "venue privilege." *See Atlantic Marine* at 581-82. Second, a court considering a motion to transfer or dismiss based on a forum-selection clause should not consider arguments based on the parties' private interests, as parties waive the right to challenge the preselected forum as less convenient when they agree to the relevant forum-selection clause. *Id*. at 582. Consequently, a court must deem all private-interest factors to weigh completely in favor of the preselected forum. *Id*. Further, public-interest factors will defeat a *forum non conveniens* motion, meaning that forum-selection clauses should control except in unusual circumstances. *Id*. [2]

Here, the court must accept the Plaintiff's allegations concerning the existence and validity of the alleged Contract as true. "The court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true." *Gelbard v. City of Miami*, 2012 WL 653833 *1 (S.D. Fla. Feb. 28, 2012) (quoting *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009)). "Taking the facts as true, a court may grant a motion to dismiss when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Club Caribe Condo Ass'n, Inc. v. Travelers Excess and Surplus Lines Co.*, 2012 WL 529972 *2 (S.D. Fla. Feb. 17, 2012) (quoting *Marshall Cty Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Moreover, a motion to dismiss for improper venue under Rule 12(b)(3), Fed.R.Civ.P., may be considered under the same standard of review.

Given the procedural posture of this case, and the standard of review for ruling upon a motion to dismiss, YachtBrasil neither admits nor concedes that the document attached and

---

[2] The third manner in which the existence of a forum selection clause changes the classic forum non conveniens analysis is that, while ordinarily a § 1404 transfer requires the transferee court to apply choice-of-law rules of the original venue, that rule does not apply when the transfer is based upon a forum selection clause. *See Atlantic Marine* at 583.

incorporated into the Complaint as "Exhibit 1" represents the agreement between the parties, as alleged by Plaintiff. Notwithstanding this, the Claims arise out of and are dependent on the enforceability of the alleged Contract in order for the Plaintiff to state a cause of action which could withstand a Rule 12(b)(6) motion to dismiss. Because the Plaintiff's allegations concerning the existence and validity of the alleged Contract must be accepted as true, the Court should give effect to the forum-selection clause whereby Plaintiff waived the right to sue or be sued in any court other than the County Court or Circuit Court in and for Miami-Dade County, Florida. Consequently, applying the test set forth in *Atlantic Marine*, Plaintiff's Complaint must be dismissed on *forum non conveniens* grounds for failure to comply with the alleged Contract's forum-selection clause. Accordingly, the Motion should be granted and the Complaint dismissed.

IV. **RELIEF REQUESTED.**

**WHEREFORE**, the Defendant, YachtBrasil Motor Boats & Charters, LLC, respectfully request the Court to enter an Order (i) granting the Motion; (ii) dismissing the Complaint; and (iii) order such other and further relief as the Court deems appropriate.

**Dated: April 12th, 2016.**

                                                Respectfully submitted,

                                                **GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel for Defendant*
200 E. Broward Blvd., Suite 1110
Fort Lauderdale, FL 33301
Telephone: (954) 453-8000
Facsimile: (954) 453-8010

By: /s/Barry P. Gruher
     Barry P. Gruher, Esq.
     Florida Bar No.: 960993
     Email: bgruher@gjb-law.com
     Benjamin P. Bean, Esq.
     Florida Bar No. 72984
     bbean@gjb-law.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April __12th__, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/Barry P. Gruher
Barry P. Gruher, Esq.

## SERVICE LIST

*Served Via CM/ECF Notification*

**Christopher Rogers Fertig, Esq.**
Fertig & Gramling
200 SE 13th Street
Fort Lauderdale, FL 33316
Email: chris.fertig@fertig.com
*Counsel for Plaintiff*